Appeal No. 21-1965 Word Seed Church v. Village of Homewood Mr. Malk, good morning. Good morning, Your Honors. May it please the Court, I am John Malk with Andrew Willis, my associate representing the Word Seed Church, Councilman Lindley. This case is primarily about jurisdiction of the Court to decide constitutionality of zoning as to a particular church and a particular code. There are three dates that I think are very important to consideration, and all of them involve a Seventh Circuit precedent, Love Church, going back to 1992, which said you can't challenge a code in general if you don't have a property interest. We believe that that is no longer good law. The Court below followed that. The first date that I want to mention was on March 26th. Judge Coleman denied motion to reconsider in this case. On April 12th, 2021, Judge Leinenweber, in an almost identical case, Word Seed Church v. Hazelcrest, which had a similar ordinance that did not allow churches as a matter of right anywhere, issued a 36-page opinion, and he applied a different, more recent Seventh Circuit decision, the Six Star case. It was not a church zoning case, but it was a standing case, and in effect held that Love Church was no longer controlling. So we have a similar ordinance from neighboring community, same plaintiff, and a new opinion from a court of equal authority. Mr. Mack, you do understand that because the Notice of Appeal was filed too late to challenge anything other than the denial of the second motion for reconsideration, you do understand that the merits of the standing issue cannot be part of this appeal, do you not? Well, yes and no. I understand that this is limited to the question of the propriety of the denial of the second motion for reconsideration. That motion is what we think was mistaken, because it involved a mistake of law by the lower court, and we presented the lower court with a contrary opinion from another judge of equal authority, and it was a very recent case, so that brings us to the end of it. Excuse me, counsel, but do you agree that we're reviewing for only an abuse of discretion? Yes. Okay. And while we have enormous respect for the work of our colleagues on the district courts, you also agree that neither judge's decision is binding precedent, even on the author? Well, the decision of Judge Leidenweber is not binding on Judge Coleman in this case, but it is . . . It's not binding on Judge Leidenweber. He can change his mind about the issue too. So I'm having a little trouble with the idea that a judge abuses her discretion by declining to reopen a closed case based on an issue that could have been raised but was not, and based on an intervening decision by a colleague down the hall that is not binding on either of them. Well, the discretion we believe is involved is that when a colleague down the hall files a 36-page opinion that's addressing the exact same issues, the court below should have at least considered or discussed it or distinguished it or said, I disagree with it. She's required, she's required to reopen the case. That's your position, right? She's required to . . . Yes. We believe, yeah, good judicial discretion. I think any judge on the court . . . And what's the best support for a 60B obligation to reopen the case under those kinds of circumstances? Well, we cite in our brief one case that says if there's new law or significant authority, and we think that this is significant authority . . . How is it? New law? Does the judge may or must? It allows the judge to do so. It's a discretionary . . . Must the judge do so is the position. You have to argue here that she must, right? We think it's an abuse of discretion not to look at a case that's exactly on point that comes down a week and a half after a ruling. Can we take it back a step further, though? The reason that Judge Leidenweber's decision came out differently is because you raised an argument there that you didn't raise in front of Judge Coleman, and the argument you raised in front of Judge Leidenweber was based on a 2016 case. So it's a case that was available to you when you filed your briefs in front of Judge Coleman. So how do you . . . what's your response to the case law we have that says she's not obligated to hear an argument that you could have raised before her? Well, several points to that, Your Honor. Any motion to reconsider involves raising some type of new argument or new angle on an argument. We're arguing the same point, which is jurisdiction. That hadn't changed. We've argued jurisdiction all the way through that the church is damaged and it has standing. And it's a new decision saying they have standing. Look, Mr. Moak, when Wurtz had appealed, this court issued an order pointing out that it the order that was timely appealed was the denial of the second motion for reconsideration. In response, Wurtz agreed and said it would limit its appeal to the denial of the second motion for reconsideration. Then Wurtz filed a brief that ignored the posture of the case and argued de novo the merits of the standing issue instead of acknowledging that it is limited to showing that the district court abused its discretion in denying the second motion for reconsideration. Wurtz has made an attempt to show that Judge Coleman abused her discretion. And look, she is correct that Rule 60B cannot be used to raise a new theory. That, as Judge Jackson Cumey just explained, was available to a party before judgment was entered. It doesn't matter whether Judge Coleman or Judge Leinenweber were right on the merits of the standing issue. The only issue now is whether Judge Coleman abused her discretion when she denied the second motion. If she abused her discretion, Your Honor, then there needs to be a ruling, is there of the jurisdiction, and that's why it's necessarily an issue. And what's new is Judge Leinenweber's opinion. We did not have that before, and Judge Coleman did not have that. Instead, Judge repeated herself that there was no irreparable harm in Judge Leinenweber inciting the Six Star case, pointed out, and it's true, that case was on the books, but we follow church zoning cases and we don't know all the zoning cases that are out there. Judge Leinenweber knew that case, and so he brought it up. And it's not bringing a new matter before the court, it's bringing a new case that was that Loved Church was no longer valid. That's the essence of Judge Leinenweber's case, that Loved Church did not apply. Now, he did not have the hootspot to say the Seventh Circuit case is no longer valid. I don't think that's his place to do that, but he said a more recent Seventh Circuit case, the Six Star case, negates the issue on standing that Judge Coleman had ruled on. Mr. Mock, are there any new developments we need to know about in terms of Wordseed Church's efforts to find a location in Homewood, Hazelcrest, or Flossmoor, or another nearby suburb? No, Your Honor. The Church still wants to find a place to meet. The Flossmoor property they eventually had under contract, and there was an owner who was willing to give a contingency clause. The Church went ahead and went through the zoning, and then after the zoning was approved, the owner found out that the taxes well exceeded the value of the contract and the contract price, so that deal fell through. The Church continues its search. They've been searching for several years, but they can't challenge these codes unless they get a—they have a double whammy, Your Honor. They have to first of all find a seller who is willing to take the property off the market for three or four months, and if they are lucky enough to find a seller who will do that, then they have to go through the neighborhood issues and the notifying neighbors and the zoning board and then the city council. These are hurdles that shouldn't be in front of churches. They're not in front of many other types of property owners and property users. That's why we believe they're standing, and we believe it relates to the denial of the second motion to reconsider, that she should have looked into this and looked into Lyon and Weber's opinion. Let me just—I'll try once more. What's the best authority, Mr. Mark, that this was an abuse of discretion to deny relief under 60B? Well, mistake of law. No, no, no. A case, please. A case in the closest—your best authority for saying, not only may the judge—might the judge have considered this, but she was required to. Well, a case cited in our brief, 1992 Seventh Circuit case, said a new authority— Is that the Bank of Wanaki case that you cited? Yeah. Okay. All that—the best that gets you is maybe the judge might have the power to think about it. Okay. It doesn't get you to an abuse of discretion. Could you repeat that, Your Honor? Bank of Wanaki might, in some of its language, allow the district judge to have granted your motion. But on an abuse of discretion review, it doesn't really, as I read it, support the notion that it was an abuse of discretion to deny. If you've got anything better, I'm happy to consider it. What I have better are the facts that none of these cases involve an immediate decision by a court of equal jurisdiction on essentially the same facts, and that would give this court a basis to say she should have considered it, she should have discussed the case or distinguished it or followed it. Okay. Thank you. I suppose the same argument could have been made in front of Judge Leinenweber to reopen his case based on Judge Coleman's decision, right? Yes. Judge Leinenweber's case is continuing, and that's under cross-motions for summary judgment. Okay. Thank you. Thank you, Mr. Lee. Okay. Mr. Lumley? May it please the Court, my name is Brandon Lumley. I represent the Village of Homeward in this appeal. We view the critical issue in this case as being the fact that the appeal is based, limited to Rule 60B. Rule 60B is an extremely limited appeal. You have to prove that the district court judge abused its discretion in denying what was here a second motion to reconsider. However, because the judgment was already final in the district court, a plaintiff had to convince the judge to effectively vacate the judgment and reopen the case. As this court has noted, the only thing that was argued by the plaintiff below, in other words, presented to Judge Coleman, was a future injury argument that the motion explicitly indicated that they didn't think to have raised initially in the merits of the standing argument. I think it's critical here where plaintiff's counsel is indicating that the reason why there was a future injury argument is that there was a, quote, mistake of law. Under Rule 60B, mistake of law or an error of law, error of law in fact, are not among the six particular grounds that are spelled out under Rule 60B, 1 through 6. And this court has repeatedly held that errors of law are not a sufficient basis to reverse a denial of a Rule 60B motion. Further, even if there was a change in controlling law, this court has repeatedly held that a change in controlling law, an explicit change in controlling law, in and of itself is not enough to justify reversing the denial of a Rule 60B motion. So, Emily, could I ask you a question, perhaps looking beyond this current 60B motion? Is it enough if a party has an option on a piece of property to, how much of an interest in specific property is needed to seek a special use permit? I'm sorry. As I understand the question, are you asking whether or not they have to actually own the property in order to obtain the special use permit? Or how much of an interest is necessary? Yeah, I mean. How far? Well, from our perspective, typically when these issues come before the zoning boards, usually there is a contract that's been entered into, and the party is able to request a special use permit without actually having purchased the property. Beyond that, it's worth noting that in this case, no one ever approached the village. Essentially, all of the negotiation was between the Wordseed Church and the seller of the property, and no one ever asked the municipality, how onerous is this going to be? Obviously, the Wordseed Church was able to go through the process and floss more when they were under contract. And actually there, it would have been more onerous because the property at issue wasn't even zoned for that type of use. They had to rezone the property and obtain a special use permit. I could go on on this case, Your Honor, but the facts are pretty clear that from a procedural standpoint, this is simply not an abuse of discretion. The plaintiff's brief in paragraph 8 of the underlying motion, the second motion to reconsider, was extremely explicit that this future injury argument was available to them earlier. They didn't raise it. They didn't even think to go and look for it until after the district court judge had dismissed the case for lack of standing. Mr. Lemling, if we affirm the denial of this Rule 60B motion, would there be any obstacle to Wordseed Church identifying a different parcel in the village and filing the same suit next month, this time raising the future injury argument? The short answer is no. The longer answer is it is not going to be a feasible challenge because the zoning law is actually changing or is scheduled for a vote to change later this month. On December 14th, the village board is considering an amendment to the zoning code, which is to remove religious use of property from the zoning code. I believe the language in the proposed amendment is going to refer to non-commercial places of assembly and commercial places of assembly, and I think the village is really looking to make sure that there's no burden on religious uses, in other words, that they're on equal terms, if that makes sense. For these reasons and the reasons we stated in our appellate brief, we ask that you affirm the decision below. Thank you. Thank you very, very much, Mr. Lemling. Mr. Malk, you know, Mr. Malk, you used up all of your time, but I will give you two more minutes. All right. Thank you. I'll only need two minutes. The six-star case that Judge Coleman was presented with not only argued future injury, but it also was questioned. It questions itself, saying what we really have here is an actual concrete injury right now, and that's what we've been arguing all along. The second point is that these people need a place to worship. There is a pregnant woman that we all know who was about to give birth 2,000 years ago in a suburb of Jerusalem, and there was no room at the inn. Unless these churches can challenge the code on an overview, an entire jurisdiction, and that's what we have argued, then it doesn't matter, Judge Hamilton, if they find another property. That's the problem. You've got to get a property, you've got to get it under contract, and you may have all for new churches and minority churches, and that's why they need this court's help to grant standing. Thank you. Thank you very much. Thanks to both attorneys, and the case will be taken under advisement.